**IN THE UNITED STATE DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **GLENN WINNINGHAM;** | § | |
| **HOUSE OF FEARN,** | § | |
|     **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:24-cv-00881-O-BP** |
| | § | |
| **KATHRYN PHILLIPS,** *et. al.*, | § | |
|     **Defendants.** | § | |

---

**MOTION TO DISMISS OF DEFENDANTS**
**TEXAS DEPARTMENT OF PUBLIC SAFETY & STEVEN MCCRAW**

---

Defendants Texas Department of Public Safety ("DPS") and Steven McCraw ("McCraw") (collectively, "Defendants") move the Court to dismiss the claims asserted against them in the above-captioned cause of action, pursuant to FED. R. CIV. P. 12(b)(2) and 12(b)(5). Plaintiff has failed to properly serve Defendants with process, and the Court therefore lacks personal jurisdiction to proceed with litigation.

**I.     BACKGROUND**

On September 24, 2024, Defendants received summons and a copy of the complaint in the above-captioned case by registered mail, delivered to the general mailing address for DPS.[1] The envelope from each service lists the sender and return address as:

> General Post Office, ZIP CODE EXEMPT
> [glenn winningham; house of fearn]
> In care of: 6340 Lake Worth Boulevard, #437
> Fort Worth, Texas [RR 76135]
> Non-Domestic Mail, Without the US Inc.
>
> 18 U.S. Code § 1701: Obstruction of mails generally…

---

[1] *See* Attached Exhibit.

Private Property — No Trespassing[2]

Thus, it appears that Plaintiff attempted service of process himself. Additionally, Plaintiff has not filed proof of service on DPS and McCraw with the Court as required by the Federal Rules.[3] Defendants assert that proper service has not been accomplished as demonstrated on the face of the envelope attempting service.

## II.   ARGUMENTS AND AUTHORITIES

Plaintiff has not effectuated valid service of process as to either DPS or McCraw. Valid service of process is determined by Rule 4 of the Federal Rules of Civil Procedure. Plaintiff bears the burden of ensuring that each defendant is properly served with summons and a copy of the complaint.[4]

### A.   Defendant Steven McCraw was not properly served.

Plaintiff did not effectuate proper service of process on McCraw. Plaintiff is permitted to accomplish service of process on an individual defendant, such as McCraw, either by conforming to Texas's requirements for service of process,[5] or by (A) delivering a copy of the summons and complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.[6]

**First**, Plaintiff has not complied with the requirements of Federal Rule of Civil Procedure 4(e)(2) because he attempted service by registered mail, which is not contemplated by the rule. There is no evidence that any summons or complaint was "delivered" as contemplated by the rule, to McCraw personally, to McCraw's dwelling or usual place of abode, or to any agents authorized to accept service. The Fifth Circuit has long held that "the use of certified mail is not sufficient to

---

[2] *See Id.*
[3] *See* FED. R. CIV. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court.").
[4] FED. R. CIV. P. 4(c); *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).
[5] FED. R. CIV. P. 4(e)(1).
[6] *Id.* at (e)(2).

constitute 'delivering' under Rule 4,"[7] and it stands to reason that registered mail is similarly insufficient.

**Second**, Plaintiff, who appears to have attempted service himself, has not complied with the service requirements of the Texas Rules of Civil Procedure. Under the Texas Rules of Civil Procedure, the proper methods of service include registered mail or certified mail, return receipt requested.[8] The Texas Rules, however, place limits on who may serve process.[9] Specifically, Rule 103 authorizes service by sheriffs, constables, persons "authorized by law or by written order of the court" who are at least eighteen years old, and persons certified under order of the Texas Supreme Court.[10] In 2006, the Texas Legislature added a comment to Rule 103 stating that its purpose in amending the rule was "to include among the persons authorized to effect service those who meet the certification requirements promulgated by the Supreme Court and to prohibit private individuals from serving certain types of process unless, in rare circumstances, a court authorizes an individual to do so."[11] Additionally, Rule 103 states that "no person who is a party to or interested in the outcome of a suit may serve any process in that suit . . . ."[12]

There is no representation or evidence that Plaintiff is a Texas Sheriff or Constable. Defendant is aware of no law or order of this Court permitting Plaintiff, a private individual, to serve process on anyone's behalf in this case. Plaintiff does not appear on the official list of private process servers certified by the Texas Supreme Court.[13] Even if such were the case, Plaintiff, as a party to this case, is

---

[7] *Gillam v. County of Tarrant*, 94 Fed. Appx. 230, 230 (5th Cir. 2004) (citing *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993).

[8] TEX. R. CIV. P. 106(a)(2).

[9] TEX. R. CIV. P. 103.

[10] *Id.*

[11] *Id.*, Comment to 2005 Amendment.

[12] *Id.*

[13] *See* Licensee Search, Judicial Branch Certification Commission (JBCC), available at: https://jbcctexas.txcourts.gov/Protected/LIC/LicenseeSearch.aspx?Program=PSC&PubliSearch#noback.

nevertheless an improper process server under the Texas Rules.[14] Defendant asserts therefore that Plaintiff was not authorized under Texas law to execute service of process, and Plaintiff's attempt to do so in this case was invalid.

### B. Defendant Texas Department of Public Safety was not properly served.

Plaintiff did not effectuate proper service of process on DPS. For state governmental entities, such as DPS, Plaintiff is permitted to serve process by (A) delivering a copy of the summons and complaint to the entity's chief executive officer; or (B) serving the summons and complaint in the manner prescribed by Texas law for such a defendant. As above, service in this case has not been accomplished according to Federal Rule of Civil Procedure 4(j)(2)(A) because the use of registered mail does not qualify as "delivering" under the Federal Rules.[15] Plaintiff's service has also not been accomplished under Federal Rule of Civil Procedure 4(j)(2)(B), which permits "serving a copy of each in the manner prescribed by [Texas's] law for serving summons or like process on such a defendant,"[16] because Plaintiff is a party and not otherwise authorized to execute service of process under the Texas Rules.[17]

## III. PRAYER

Plaintiff has failed to properly serve Defendants with summons or a copy of the complaint in accordance with any provisions of FED. R. CIV. P. 4. Defendants therefore assert that they are entitled to dismissal of the claims against them.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

---

[14] TEX. R. CIV. P. 103.
[15] FED. R. CIV. P. 4(j)(2)(A).
[16] *Id.* at (j)(2)(B).
[17] TEX. R. CIV. P. 103; *see* discussion *supra* Section II.A.

**RALPH MOLINA**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Division Chief
Law Enforcement Defense Division

*/s/ CHRISTOPHER LEE LINDSEY*
**CHRISTOPHER LEE LINDSEY**
Assistant Attorney General
State Bar No.  24065628

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 (Phone No.)
(512) 370-9814 (Fax No.)
christopher.lindsey@oag.texas.gov

**ATTORNEYS FOR  DEFENDANTS**
**TEXAS DEPARTMENT OF CRIMINAL**
**JUSTICE & STEVEN MCCRAW**

## NOTICE OF ELECTRONIC FILING

I, **Christopher Lee Lindsey**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing a true and correct copy of the foregoing in accordance with the Electronic Case Files System of the Northern District of Texas, on this 3rd day of October 2024.

*/s/ CHRISTOPHER LEE LINDSEY*
**CHRISTOPHER LEE LINDSEY**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **Christopher Lee Lindsey**, Assistant Attorney General of Texas, do hereby certify that a Plaintiff has been served a true and correct copy of the forgoing on this 3rd day of October 2024, via United States Mail, certified mail to the address provided by Plaintiff's Summons:

**Glenn Winningham**                                     *CMRRR: 7017 2680 0000 5252 4700*
General Post Office, ZIP CODE EXEMPT
glenn winningham; house of fearn
C/O 6340 Lake Worth Boulevard, #437
Fort Worth, Texas [RR 76135]
Non-Domestic Mail, Without the United States, Inc.

*/s/ CHRISTOPHER LEE LINDSEY*
**CHRISTOPHER LEE LINDSEY**
Assistant Attorney General