IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GLENN WINNINGHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-0881-O-BP |
| | § | |
| KATHRYN PHILLIPS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are criminal complaints that Plaintiff filed on October 3 and 7, 2024, on behalf of the United States of America against numerous persons alleging violations of criminal statutes. ECF Nos. 12, 15. Because these complaints are not properly before this Court, the Court directs the Clerk to **STRIKE** the criminal complaints.

Federal Rule of Criminal Procedure 3 states that a complaint "…must be made under oath before a magistrate judge…." Fed. R. Crim. P. 3. The criminal complaints before the Court do not reflect that they were made under oath before a magistrate judge, and they therefore are not properly before this Court. Moreover, "[p]rivate citizens do not have the right to bring a private action under a federal criminal statute." *Sappore v. Arlington Career Inst.*, No. 3:09-CV-1671-N, 2010 WL 446076, at *2 (N.D. Tex. Feb. 8, 2010) (citing *Pierre v. Guidry*, 75 F. App'x 300, 301 (5th Cir. 2003) (per curiam)). Nor may a private party enforce criminal statutes through a civil action. *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007). There also is no constitutional right to have someone criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Accordingly, the criminal complaints (ECF Nos. 12, 15) are not properly before the Court, and the Clerk of the Court **SHALL STRIKE** them from the file in this case.

It is so **ORDERED** on October 8, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE