UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GLENN WINNINGHAM, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:24-CV-881-O-BP |
| | § | |
| KATHRYN PHILLIPS, *et al.*, | § | |
|     Defendants. | § | |

### DEFENDANTS' MOTION TO DISMISS AND MOTION FOR
### AN ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT

NOW COME Defendants Bill Pinkham, D'Layne Carter, G.A. Fidelie, Jr., Jeanmarie Baer, Justin Brom, Mollie Lerew, Blake Newton, Perdue Brandon Fielder Collins & Mott, LLP, Montague County, Kathy Phillips, Kim Jones, Jennifer Fenoglio, Cayton V. Riddle, Bowie Independent School District, Jacky Betts, Guy Green, Kent Dosch, Lee Hughes, Keith Richey, Jeff Jackson, Debbie Leonard, Montague County Appraisal District, David Fenoglio, Bret Meekins, Randy West, Trent Myers, James D. Fenoglio, Jim L. Keck, and Melodee Gillespie ("Defendants") and file this Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6), and Motion for an Order Declaring Plaintiff a Vexatious Litigant and respectfully show as follows:

### I.     INTRODUCTION

Glenn Winningham's ("Plaintiff") "Demand for Relief" [Doc. 1] and his "First Amended Demand for Relief" [Doc. 11] are nothing more than fantastical assertions, in which he threatens lethal force, alleges District of Colombia conspiracies, denies his U.S. citizenship despite residing in Texas, rejects zip codes as fraudulent, and alleges that capitalization of letters and assessment of property taxes enslave him. Plaintiff, already declared a vexatious litigant in Texas State Courts and barred from further frivolous suits, appears to be using his remaining access in U.S. District

Courts to appeal a valid state court judgment related to *ad valorem* property taxes.

Defendants could fill a treatise with the numerous grounds under which this suit should be dismissed, but for brevity, dismissal is proper because this Court lacks subject matter and personal jurisdiction, the Defendants were improperly served, and Plaintiff has failed to state a claim upon which relief can be granted. Further, because the Plaintiff has filed countless lawsuits stemming from the similar allegations, and repeatedly failed, the Court should grant Defendants' Motion for an Order Declaring Plaintiff a Vexatious Litigant and impose prefiling restrictions on Plaintiff.

## II.     MOTION TO DISMISS

### A.     The Court Lacks Subject Matter Jurisdiction

A court may dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3); *see also Settlement Funding, L.L.C. v Rapid Settlements, Ltd.* 851 F.3d 530, 534 (5th Cir. 2017) (quoting *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.,* 666 F.3d 932, 935 (5th Cir. 2012)). The Court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Soaring Wind Energy, L.L.C, v. Catic USA Inc.,* 946 F.3d 742, 749 (5th Cir. 2020) (quoting *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006)). "Federal courts are courts of limited jurisdiction" and the presumption is that "a suit lies outside this limited jurisdiction." *Settlement Funding, L.L.C.,* 851 F.3d at 537 (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)).

Plaintiff asserts a variety of unclear, frivolous sovereign-citizen-type legal arguments and bizarre and conclusory allegations. Plaintiff's pleadings seemingly stem from *ad valorem* property tax collection efforts in Montague County and Plaintiff's desire to avoid paying property taxes.

As a result, and in short, Plaintiff's claims are barred in federal court because they involve

the assessment, levy, and collection of a tax under state law. 28 U.S.C. § 1341. More specifically, the Tax Injunction Act states "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." *Id*. The Fifth Circuit has held that the Texas courts "provide [a] 'plain, speedy,' and 'efficient' remedy," so the Tax Injunction Act bars Plaintiff from bringing this suit in federal court. *See Thames Shipyard & Repair Co. v. Galveston Cent. Appraisal Dist.,* 299 F. Appx. 328, 329 (5th Cir. 2008).

Further, Plaintiff's claims are so nonsensical that the Court lacks subject matter jurisdiction over them. Plaintiff does not provide a basis for federal question or for diversity jurisdiction. A claim invoking federal jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.,* if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)); *Crosby v. City of Gastonia*, 635 F.3d 634, 643 (4th Cir. 2011) (noting that a federal claim may be "so 'plainly insubstantial' or 'entirely frivolous' as to be manifestly outside federal jurisdiction" (quoting *Lovern v. Edwards*, 190 F.3d 648, 656 (4th Cir. 1999))); *Davis v. Pak*, 856 F.2d 648, 652 (4th Cir. 1988).

### B.    The Court Lacks Personal Jurisdiction Over Defendants Improperly Served

For service to be effective, even pro se plaintiffs must comply with Federal Rule of Civil Procedure 4. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Lyons v. Starbucks Coffee Co.*, No. 3:19-CV-2457-S-BT, 2020 WL 5732638, at *5 (N.D. Tex. Aug. 24, 2020) (N.D. Tex. Aug. 24, 2020) (Rutherford, J.) (citation omitted), *adopted by* 2020 WL 5710245 (N.D. Tex. Sept. 24, 2020) (Scholer, J.). Without proper service of process, a court lacks personal jurisdiction over a defendant. FED. R. CIV. P. 12(b)(2); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

344, 350 (1999). Rule 12(b)(5) permits a challenge to the method of service attempted by a plaintiff or to the lack of service. *See* FED. R. CIV. P. 12(b)(2), 12(b)(5); *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013). "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Quinn v. Miller*, 470 F. App'x. 321, 323 (5th Cir. 2012).

When service of process is challenged in a Rule 12(b)(5) motion, "the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Lyons*, 2020 WL 5732638 at *5. To establish good cause, the non-movant must show "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam) (citation omitted).

Here, most defendants have not received service of the Complaint or Amended Complaint whatsoever. Plaintiff indicated that he served defendants in his pleadings. Rules of civil procedure prohibit a party to the suit from serving a summons and complaint. FED. R. CIV. P. 4(c)(2). Even with the Court's warning [Docs. 5, 16], Plaintiff has failed to properly serve Defendants. Plaintiff's proofs of service lack proper signature and do not describe proper service under federal or state rules of procedure. As such, Plaintiff bears the burden of proving effective service and without proper service, the Court lacks personal jurisdiction over Defendants.

### C. Plaintiff Failed to State a Claim Upon Which Relief Can be Granted

Federal Rule of Civil Procedure 12(b)(6) requires that a complaint state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007)). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556-57). "Rule 12(b)(6) protects against meritless litigation by requiring sufficient factual allegations 'to raise a right to relief above the speculative level' so as to 'nudge[] the[] claims across the line from conceivable to plausible.'" *Sauers v. Winston-Salem/Forsyth Cty. Bd. of Educ.*, 17 9 F.Supp.3d 544, 550 (M.D. N.C. 2016) (alterations in original) (quoting *Twombly*, 550 U.S. at 570).

While pleadings "should not be scrutinized with such technical nicety that a meritorious claim should be defeated," *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), the liberal construction of a pro se plaintiff's pleading does not require the court to ignore clear defects in pleading, *Bustos v. Chamberlain*, No. 3:09-1760-HMH-JRM, 2009 WL 2782238, at *2 (D. S.C. Aug. 27, 2009), become an advocate for the pro se party, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990), or "to construct full blown claims from sentence fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Additionally, a court may dismiss a claim as frivolous if the facts alleged are "clearly baseless." *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). Claims, such as Plaintiff's allegations in this matter, "involving 'bizarre conspiracy theories, [or] fantastic government manipulations of [one's] will or mind are obviously frivolous,'" fail to assert any claim upon which relief may be granted. *Winningham v. Shulman*, 377 Fed. App'x. 23 (D.C. Cir. 2010) (internal quotes omitted) (quoting *Best v. Kelly,* 39 F.3d 328, 330-31 (D.C. Cir. 1994), *Hagans v. Lavine,* 415 U.S. 528, 537 (1974)).

Further, Defendants herein are named in connection with actions taken in their official capacities that involve the assessment and collection of *ad valorem* property taxes, for which they

DEFENDANTS' MOTION TO DISMISS AND MOTION FOR
AN ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT                                               PAGE 5

are immune. The Defendants include:

> Bill Pinkham, D'Layne Carter[1], G.A. Fidelie, Jr., Jeanmarie Baer, Justin Brom, Mollie Lerew, and Blake Newton[2] are attorneys at Perdue, Brandon, Fielder, Collins & Mott, LLP (the "Firm") (collectively, the "Perdue Brandon Defendants").
>
> Montague County, Kathy Phillips is the Montague County Tax Assessor and Collector, Kim Jones is the Montague County Clerk, Jennifer Fenoglio is the Montague County Treasurer, and Cayton V. Riddle is the Montague County Attorney (the "Montague County Defendants").
>
> Bowie Independent School District ("BISD"), Jacky Betts is the BISD Board President, Guy Green is the BISD Board Vice President, Kent Dosch is the BISD Board Secretary, and Lee Hughes, Keith Richey, Jeff Jackson, and Debbie Leonard[3] are current or former members of the BISD Board (the "BISD Defendants").
>
> Montague County Appraisal District, David Fenoglio is the Chair of the County Appraisal District ("CAD") Board of Directors, Bret Meekins is the Secretary of the CAD Board of Directors, and Randy West and Trent Myers are Members of the CAD Board of Directors (the "CAD Defendants").
>
> James Dan Fenoglio, Jim L. Keck, and Melodee Gillespie are members of the Montague County Appraisal Review Board (the "ARB Defendants").

The Firm represents Montague County in its collection activities and filing litigation against owners of property located in Montague County who owe delinquent *ad valorem* property taxes. All of the Perdue Brandon Defendants' actions in connection to Plaintiff's bizarre allegations were performed in their capacity as attorneys representing Montague County and as a result, the Perdue Brandon Defendants are immune from civil liability for actions taken that allegedly cause harm to a non-client. *Reeves v. Wells Fargo Bank N.A.*, No. EP-13-CV-318-DCG, 2014 WL 12489983 at *3 (W.D. Tex. Mar. 31, 2014). The Montague County Defendants, BISD Defendants, CAD Defendants, and ARB Defendants have official immunity because this suit arises from the performance of their discretionary duties in good faith, acting within scope of their

---

[1] D'Layne Carter is a former partner of the Firm.
[2] Blake Newton has been removed from the suit by Plaintiff's Amended Complaint [Doc. 11].
[3] Debbie Leonard is not a current member of the BISD Board and was also removed by the Amended Complaint. Newton and Leonard are included in this Motion to the extent necessary for proper dismissal.

authority. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n. 3 (Tex. 2003).

Even when read in a light most favorable to Plaintiff, Plaintiff's allegations against Defendants fail to establish any claim on which this Court can grant any relief. Additionally, the Court should not grant Plaintiff leave to amend because doing so would be futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Accordingly, dismissal with prejudice is warranted.

### III.  MOTION FOR AN ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT

Defendants also request that the Court declare Plaintiff a vexatious litigant and impose prefiling restrictions on Plaintiff. In support, Defendants cites to at least nine additional federal lawsuits, other than this suit, and their respective "appeals" that Plaintiff filed against numerous individuals and entities alleging baseless claims.[4] In every case, Plaintiff demonstrated complete disrespect for the judicial process, ultimately resulting in dismissal.

The ability of the courts to impose prefiling restrictions derives from "their own inherent power and constitutional obligation to protect themselves from conduct that impedes their ability to perform their Article III functions and to prevent litigants from encroaching on judicial resources that are legitimately needed by others." *Johnson v. Univ. Housing*, 2007 WL 4303728 at *12 (S.D. Ohio Dec. 10, 2007). "In most cases, the preferred approach is to require an abusive litigant to obtain leave of court before filing suit regarding the operative facts that have been the

---

[4] This list is likely not exhaustive and reflects only published cases Defendants were able to locate as of this filing. *Winningham v. Willis, et al.*, No. Civ. A. 11-1204 BAH, 2011 WL 2648589 (D.D.C. July 6, 2011); *Winningham v. Shulman, et al.*, 377 F. App'x 23 (D.C. Cir. 2010); *Winningham v. United States, et al.*, 231 F. App'x 719 (9th Cir. 2007); *Winningham v. Williams, et al.*, 578 U.S. 984 (2016); *Winningham v. Baker, et al.*, 583 U.S. 912 (2017) (denying motion of petitioner for leave to proceed in forma pauperis and dismissing petition for writ of certiorari as frivolous); *Winningham v. Blount, et al.*, No. 3:22-CV-1752-S (BH), 2022 WL 17657566, at *2 (N.D. Tex. Nov. 18, 2022), report and recommendation adopted, No. 3:22-CV-1752-S-BH, 2022 WL 17631558 (N.D. Tex. Dec. 13, 2022), motion for relief from judgment denied, No. 3:22-CV-1752-S-BH, 2023 WL 8481837 (N.D. Tex. Dec. 6, 2023); *Winningham v. The Crown, et al.*, No. 3:08-CV-1204-G, 2008 WL 4964024 (N.D. Tex. Nov. 17, 2008); *Winningham v. Wake et al.*, 561 U.S. 1032 (2010) (denying a petition for writ of certiorari to the Court of Appeals for the Second Circuit appealing a dismissal); *Winningham v. Navajo*, 599 F. App'x 760 (9th Cir. 2015).

basis for his or her litigiousness." *Hyland v. Stevens*, 37 F. App'x. 770, 771 (6th Cir. 2002).

The restrictions the Court could impose include, but are not limited to, requiring Plaintiff file a bond to cover the opposing party's attorney's fees, *see, e.g., Stewart v. Fleet Financial,* 229 F.3d 1154 (6th Cir. Aug. 10, 2000) (requiring harassing and vexatious litigator to file $25,000 bond prior to filing suit); limiting the nature or subject of the lawsuit, *see, e.g., Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir. 1998) ("[W]e see nothing wrong, in circumstances such as these, with an order that restrains not only an individual litigant from repeatedly filing an identical complaint, but that places limits on a reasonably defined category of litigation because of a recognized pattern of repetitive, frivolous, or vexatious cases within that category."); or mandating that Plaintiff first seek leave of court prior to filing a lawsuit, *see, e.g., Marbly v. Wheatley* 87 Fed. App'x. 535 (6th Cir. Feb. 4, 2004) (unpublished).

An important factor in this analysis is whether the litigator has been warned previously that continued frivolous conduct will subject them to prefiling restrictions. *Sultaana v. Jerman*, 2020 WL 4218110 at *7 (N.D. Ohio Jul. 23, 2020) (declaring litigant to be vexatious where litigant filed frivolously "[d]espite being on notice"). At least two district courts have already imposed prefiling restrictions on Plaintiff. *See Winningham v. Cnty. of Navajo*, No. CV-13-01120-PHX-NVW, 2013 WL 11311232 at *2 (D. Ariz. June 19, 2013), a*ff'd sub nom. Winningham v. Navajo*, 599 F. App'x 760 (9th Cir. 2015) (ordering that the clerk "file no further papers from Mr. Winningham unless a Judge of this Court has first entered an order allowing the paper to be filed" and that any documents submitted by Mr. Winningham "shall be immediately returned to him"); *Winningham v. Blount*, No. 3:22-CV-1752-S-BH, 2023 WL 8481837 at *1 (N.D. Tex. Dec. 6, 2023).

Plaintiff has a long history of disregard and disrespect for the judicial system and has received countless warnings, including from this district. A summary of courts' responses to

DEFENDANTS' MOTION TO DISMISS AND MOTION FOR
AN ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT                                                                    PAGE 8

Plaintiff's "lengthy ramblings that are unrelated to any legally recognized grounds" follows:

> "Winningham's 50-page Petition is not 'a short and plain statement of the claim showing that the pleader is entitled to relief' as required by FED. R. CIV. P. 8(a). It does not state distinct causes of action in separately numbered counts. It includes lengthy quotes from sources that do not have precedential authority and which do not belong in a complaint. Moreover, it includes derogatory and inflammatory language subject to striking under FED. R. CIV. P. 12(f) as impertinent or scandalous matter. . . . Winningham's Petition also does not comply with FED. R. CIV. P. 12(b)(6) because it fails to state a claim upon which relief can be granted. It alleges 'a seditious conspiracy' to compel him to pay taxes and filing fees in violation of his constitutional rights and a conspiracy to convert his property to that of the United States. It alleges that all of the named Defendants have 'deliberately and calculatedly committed felony mail fraud by using their fictitious ZIP CODE mailing address' on junk mail sent to Winningham." *County of Navajo*, 2013 WL 11311232 at *1. The court in *County of Najavo*, dismissed Plaintiff's nearly identical assertions related to property taxes.

> "The district court did not abuse its discretion in dismissing the complaint with prejudice. To the extent appellant claims to be a sovereign and not subject to federal taxes, we summarily reject such arguments. *See United States v. Nelson (In re Becraft)*, 885 F.2d 547, 548 (9th Cir. 1989)." *Winningham v. U.S.*, 231 F. App'x 719, 720 (9th Cir. 2007).

> "Further, because of Plaintiffs continued frivolous, repetitive, or otherwise abusive postjudgment filings, the Clerk's Office is INSTRUCTED to docket any future pleadings in this case for administrative purposes only and terminate them. . . Plaintiff is also WARNED that continued frivolous post-judgment motions in this case could subject him to sanctions, including monetary sanctions and a bar on additional filings in this district, unless he first obtains leave of court and pays the applicable filing fee." *Blount*, WL 8481837 at *1.

> "Based on the foregoing, the Court concludes that Winningham's case should be dismissed as a sanction for his blatant disregard of the Court's orders and for repeatedly refusing to show proper respect to the Court. Winningham has received ample notice that this sanction was likely to result if he continued in his willful disobedience of the Court's orders." *Winningham vs. Willis, et al* No. 4:12-CV-638-Y (N. D. Tex. May 24, 2013). Judge Means described Plaintiff's repeated motions as "unfounded accusations and disrespectful comments" and "frivolous."

Plaintiff's extensive history of litigious frivolity undoubtedly drained numerous court's resources and wasted the time of countless defendants who were forced to hire counsel. In fact, Plaintiff failed to heed specific warning from this very district. Consequently, Defendants

respectfully request that this Court enter an order declaring Plaintiff a vexatious litigant and imposing prefiling restrictions on him, including a requirement that he first seek leave of court and file a bond to cover the opposing party's attorney's fee prior to filing suit in U.S. District Courts.

### IV. CONCLUSION

Defendants have shown that this lawsuit must be dismissed for lack of subject matter and personal jurisdiction, improper service, and Plaintiff's failure to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(1), (b)(2), 12(b)(5), and 12(b)(6). As a result, this lawsuit should be dismissed with prejudice and precautions should be taken to ensure that Plaintiff is no longer permitted to utilize the courts for purposes of harassment.

WHEREFORE PREMISES CONSIDERED, Defendants respectfully request that this Honorable Court: grant their Motion to Dismiss and dismiss this action with prejudice; grant their Motion for an Order Declaring Plaintiff a Vexatious Litigant and impose prefiling restrictions on Plaintiff; and for such other relief as it may show themselves justly entitled.

Respectfully Submitted,

PERDUE, BRANDON, FIELDER, COLLINS & MOTT, L.L.P

By: _____*David B. Tabor*_____
David B. Tabor, SBN. 24037577
1919 South Shiloh Road, Ste. 640
Garland, Texas 75042
(972) 278-8282
(972) 278-8222 facsimile
dtabor@pbfcm.com
&
Alysia Córdova, SBN. 24074076
6900 I-40 West, Ste. 300
Amarillo, Texas 79106
(806) 359-3188
(806) 359-5126 facsimile
acordova@pbfcm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of October 2024 the foregoing was electronically filed using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants, and separately by Regular U.S. Mail and Certified U.S. Mail Return Receipt Requested to the following individuals at the following addresses:

>Glenn Winningham
>6340 Lake Worth Blvd., #437
>Fort Worth, Texas 76135
>*Plaintiff Pro Se*
>
>CM/RRR # _____

*David B. Tabor*
David B. Tabor
